**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-7115

RICKY VINCENT PENDLETON,

Plaintiff - Appellant,

v.

JONATHAN FRAME, Superintendent at Mt. Olive Correctional Complex and Jail; WILLIAM K. MARSHALL, III, Commissioner Division of Corrections and Rehabilitation,

Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:24-cv-00029)

Submitted: September 18, 2025                    Decided: December 1, 2025

Before THACKER and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ricky Vincent Pendleton, Appellant Pro Se. Spencer James Davenport, Michael Ray Williams, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Vincent Pendleton appeals the district court's order accepting the recommendation of the magistrate judge and dismissing Pendleton's 42 U.S.C. § 1983 complaint for failure to state a claim under 28 U.S.C. § 1915A. In his complaint, Pendleton alleged that prison officials violated his due process rights by failing to provide him with timely written notice of a disciplinary incident report in accordance with prison policy, thereby rendering the disciplinary hearing and resulting punishment null and void. We have reviewed the record and find no reversible error.

As a threshold matter, Pendleton asserts on appeal that the district court ignored or misinterpreted his objections to the magistrate judge's proposed findings and recommendation. Pendleton filed timely, specific objections to the magistrate judge's recommendation. The district court properly noted it was required to conduct a de novo review of the portions of the magistrate judge's report to which specific objections were made and proceeded to conduct an independent analysis of the claims central to Pendleton's objections. Furthermore, the district court did not give any indication that it either found Pendleton's objections to be non-specific or that it applied the clear error standard. Thus, we conclude the district court adequately conducted a de novo review.

Turning to Pendleton's due process claim, he argues that the district court erred in dismissing his claim that he was denied due process when prison officials failed to give him notice of the disciplinary incident report within 72 hours after the incident, as directed by prison policy. The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend.

2

XIV, § 1. Thus, although lawful incarceration limits certain privileges and rights, "a prisoner's liberty does not disappear entirely." *Thorpe v. Clarke*, 37 F.4th 926, 942 (4th Cir. 2022). "To state a procedural due process claim, a plaintiff must first identify a protected liberty or property interest and then demonstrate deprivation of that interest without due process of law." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) ((alterations and internal quotation marks omitted) (citing *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015)).

"Because [Pendleton] is a convicted prisoner, he does not have an inherent, constitutionally protected liberty interest in [avoiding] solitary confinement." *Smith v. Collins*, 964 F.3d 266, 275 (4th Cir. 2020). Accordingly, "he must identify a state-created liberty interest in avoiding solitary confinement." *Id.*; *see also Cartagena v. Lovell*, 103 F.4th 171, 183 (4th Cir. 2024) ("[B]ecause . . . the Constitution itself does not give rise to a liberty interest in avoiding transfer to a more adverse condition of confinement, [this court] must look to state law to determine whether it provides a liberty interest." (internal citation omitted)). Pendleton may do so by "show[ing] two things: first, that there is a basis for an interest or expectation in state regulations for avoiding such confinement, and second, that the conditions impose atypical and significant hardship in relation to the ordinary incidents of prison life." *Smith*, 964 F.3d at 275 (alterations and internal quotation marks omitted).

The district court found the second prong conclusive. *See Cartagena*, 103 F.4th at 182-84 (focusing on the atypical and significant hardship question). We have reviewed the record and find no reversible error in the determination that Pendleton failed to allege

3

conditions that imposed an atypical and significant hardship such that due process protections might be warranted. We further conclude that the district court properly found that even if Pendleton had established a protected liberty interest, Pendleton failed to state a claim for a due process violation.

Accordingly, we deny Pendleton's motion to compel, deny his motion for judicial notice, and affirm for the reasons stated by the district court, *Pendleton v. Frame*, No. 2:24-cv-00029 (S.D. W. Va. Nov. 13, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*